Hall *v.* Manchester.

# HALL *v.* MANCHESTER.

The record by a town-clerk of the election of selectmen in this form, "Chose A. B., C. D. and E. F. selectmen," is not sufficient. The record should show that they were elected by ballot, and by major vote.

Although it is enough, in cases where the authority of the selectmen comes incidentally in question, and in which they are not the parties to the action, to show that they were acting officers, without producing the record of their election, yet, to show them acting selectmen, it is not enough merely to show that they acted in that capacity in the particular instance in which their authority is questioned.

When the selectmen, in laying out a highway, refer, for a particular

---

Hall *v.* Manchester.

---

description of the same, to a plan recorded in the registry of deeds, in the same county—*Held*, that such reference was properly made, and that the description might be aided by such reference.

And in proving the limits of such highway the record thus referred to, or a copy of it, should be produced as a part of the description of such highway.

In case against a town for damages resulting from a defect in a highway, the defendants, under the general issue, can object to the legality of the laying out of such highway, nor are the defendants estopped from denying its legal existence, by having recognized and used such highway for any term of time less than twenty years.

Case, brought to recover damages sustained by the plaintiff, on account of an alleged defect in Manchester-street, in said 'city, on the 11th day of' April, 1855. The writ is dated January 4, 1856.

To prove the existence of Manchester-street as a public highway on the 11th of April, 1855, the plaintiff introduced the following from the records of the city:

At the annual March meeting for 1840 : " Voted to choose treasurer and selectmen at the same time. Chose Amos Weston, Jr., J. T. P. Hunt, Hiram Brown, selectmen."

And the following from the record of the laying out of Manchester-street, May 5, 1840 :

" Manchester-street is now laid easterly from Elm-street till it intersects the old road from the town-house to Amoskeag bridge, fifty feet wide, seven feet of which on each side to be for sidewalks ; reference being made, for a more particular description of said streets, so far as the same are laid out by said Amoskeag Manufacturing Company, to a plan recorded in the registry of deeds of the county of Hillsborough, entitled, "Plan of lots of land belonging to Amoskeag Manufacturing Company at Manchester, N. H., to be sold at public auction, October 8, 1839."

The laying out was signed by J. T. P. Hunt and Hiram Brown only, and it did not appear that Amos Weston, Jr., was present or acted in the laying out. Hiram Brown testified in substance that he assisted in laying out Manchester-street, when laid out by the Amoskeag corporation; also when laid out by the selectmen; that the street was staked out, and when laid out by the selectmen was in part built upon, and that the travel is now and ever since has been over the street so laid out.

The defendants objected to the said record, as being insufficient to prove the election of the selectmen and the proper laying out of the highway, for the reasons more particularly stated in the exceptions, and to the testimony of Hiram Brown.

A verdict was returned for the plaintiff, which the defendants moved to set aside, and asked for a new trial, because (1) it does not appear that the selectmen were elected by ballot, or by major vote, as required by law; (2) two only of the three selectmen signed the laying out of Manchester-street, and it did not appear that the third was present and acted at the time of the laying out; (3) the laying out is not by metes and bounds, and the plan referred to in the laying out was not produced; which questions were reserved and assigned to the determination of the whole court.

*W. C. & S. G. Clarke,* for the defendant.

1. Selectmen must be chosen by ballot and by major vote. Comp. Stat., ch. 36, sec. 2.

The record when properly made is evidence of their election. But the record here is not properly made. It is simply a record of the opinion of the town-clerk. If it had gone further and said the moderator declared them elected, that would not have been sufficient. The record should be so made that from an inspection of it the competent tribunal could decide whether the officer was elected

Hall *v.* Manchester.

or not.   Whether the election was by a major vote or not could only appear from the record of the number of votes cast for each person.   A record of " sworn into office," is not sufficient as evidence that the officer " took the oath of office as by law prescribed."   See *Cardigan* v. *Page*, 6 N. H. 182 ;   *Gibson* v. *Bailey*, 9 N. H. 168.   Records of towns may be amended.   *Gibson* v. *Bailey*.   In the case of ancient records informally made up, they may be submitted to the jury as evidence from which they may find the proceedings were legally and properly had.   But when they are not ancient this cannot be done, unless it appears affirmatively that amendments cannot be made, from the death of the clerk or a similar cause.   *Cavis* v. *Robertson*, 9 N. H. 524 ;  *Northwood* v. *Barrington*, 9 N. H. 369 ;  *Cass* v. *Bellows*, 31 N. H. 511.   In the present case the record was less than nineteen years old, and cannot be deemed an ancient record.   No attempt was made to amend them, and it was not shown that the clerk was dead, and that the record could not be amended.

2.   The laying out of a highway by the selectmen is a judicial act, and not ministerial.   They act neither for the petitioners or for the town, but for the public.   They are not in this agents of the town, but public officers.   They cannot lay out highways on their own motion.   *Prichard* v. *Atkinson*, 3 N. H. 335 ;  *Wiggin* v. *Exeter*, 13 N. H. 304. They should then have all been present and have acted at the hearing.   *Palmer* v. *Conway*, 22 N. H. 144 ;  *The King* v. *Whittaker*, 9 B. & C. 648 ;  *Grindley* v. *Barker*, 1 B. & P. 229 ;  *Despatch Line of Packets* v. *Bellamy Manf. Co.*, 12 N. H. 205, and cases cited.

3.   Highways must be laid out by metes and bounds. Rules of Court, 181 ;  *Wiggin* v. *Exeter*, 13 N. H. 307. The laying out must follow the petition, and contain the whole description of the road.   It may well be doubted whether the description in laying out can be aided by a reference to other documents.   The description of the

Hall v. Manchester.

premises demanded in a real action will not be aided or enlarged or restricted, by a reference to any other instrument. *Flagg* v. *Bean*, 25 N. H. 49, 65. One reason assigned is that the sheriff may be able to deliver seizin without referring to any other instrument. And it would certainly seem that the public ought to be able to find a highway without examining in the registry of deeds as well as in the town or court records. But if the laying out is sufficient, the defendants were entitled to demand that the whole record should be produced. If the laying out could be extended or restricted by reference to another instrument, that instrument should be produced. It has become part of the record. The alleged highway in question is less than twenty years old, and its laying out can only be proved by the record, and the testimony of Brown could not aid any defects in the record. If the plaintiff had desired to amend the record, his testimony should have gone to the court and not the jury. His testimony was incompetent in any view, and should not have been received.

*Morrison & Stanley*, for the plaintiff.

1. The objection that it does not appear that the selectmen were duly elected, is not well founded. It is enough in a case when the authority of the selectmen comes incidentally in question, in an action in which they are not parties, to show that they were acting officers, and the regularity of their election cannot be made a question. *Baker* v. *Shephard*, 24 N. H. 212; *Horn* v. *Whittier*, 6 N. H. 94; *Jones* v. *Gibson*, 1 N. H. 268; *Moore* v. *Graves*, 3 N. H. 413; *Johnston* v. *Wilson*, 2 N. H. 205; *Londonderry* v. *Chester*, 2 N. H. 268; *Morse* v. *Colley*, 5 N. H. 522; *Tucker* v. *Aiken*, 7 N. H. 113.

2. The objection that two only of the selectmen acted in the laying out of Manchester-street, is not well taken. A majority are competent to act in all cases. Laws of 1830, 453, sec. 7; Comp. Stat., ch. 36, sec. 2.

Hall v. Manchester.

3. With regard to the third objection we submit, first, that the defendants, having pleaded the general issue, cannot take exception to the laying out of the highway in question; secondly, that having recognized and used said highway for so long a space of time, they are estopped from denying its legality, or setting up any irregularity, either in its laying out or the record of the same, when the rights of third parties are concerned; and, thirdly, that said highway was laid out by metes and bounds, as appeared by the record produced, and that the sufficiency of said record was a question exclusively for the jury, and was properly submitted to them; and, further, that the testimony of Brown, one of the selectmen who laid out the said highway, was competent to prove what and where the monuments thereon were erected, as was held in *Miller* v. *Silsby*, 8 N. H. 474.

SARGENT, J.* The first exception is well taken. The record of the town-clerk is: " Chose Amos Weston, Jr., J. T. P. Hunt, Hiram Brown, selectmen." It has been settled that this is not a sufficient record to show that the selectmen were elected by ballot, and by major vote, as the statute requires they should be. Rev. Stat., ch. 34, sec. 2; Comp. Laws 105; *Scammon* v. *Scammon*, 28 N. H. 419. But it is equally well settled that whether the selectmen were duly elected or not, or whether the record would be sufficient or not in a case where the selectmen were parties, and the fact of their due election were material, yet, that when the selectmen are not parties to the action, but their authority comes incidentally in question between other parties, it is enough merely to show that they were acting officers, and the regularity of their selection cannot be inquired into. *Baker* v. *Shephard*, 24 N. H. 212, and other cases cited by the plaintiff's counsel. And it is claimed in this case that, even though the record

* BELL, C. J., did not sit.

Hall *v.* Manchester.

may be deficient in not showing the selectmen properly elected, yet, that they are shown to have been acting selectmen for that year, and that, therefore, as they are not parties to this suit, they stand well enough in that particular. But the only evidence tending to show that they thus acted for the year 1840 is the fact that two of them undertook to lay out the highway in question. There is nothing else in the whole case tending to show that they acted in that capacity, and their authority to do that one act is disputed here, and is the very question now in controversy; and to hold that this act furnished any evidence of their authority to act would be begging the whole question. There is no proper evidence to show them acting selectmen that year. Nor does it seem that the plaintiff relied upon this evidence at all at the trial, but introduced the record evidence of their election, and relied upon that as sufficient. But as it proves not to be so, this exception must be sustained. There can probably be no difficulty in having the record amended in that particular, if the facts are found to warrant it, and the plaintiff again wishes to rely upon the record evidence.

The second exception is one that cannot be sustained. It would seem that the defendants had overlooked the provision of the statute upon the subject. The argument of counsel is that the laying out of a highway by the selectmen is a judicial act, and not ministerial, and that the act was not of a private, but a public nature, and that therefore it must appear that all the selectmen met and consulted upon the subject, in order to have the final action of a majority binding and conclusive. The difference in the rule to be applied when an authority is conferred to do an act of a public nature, from the one applied in case the act is a private one, is stated and considered in *Despatch Line of Packets* v. *Bellamy Manf. Co.*, 12 N. H. 226, 227. The act of selectmen in laying out highways is of a judicial character, and of a public

nature. *Palmer* v. *Conway*, 22 N. H. 147; *State* v. *Richmond*, 26 N. H. 232; *Haywood* v. *Charlestown*, 34 N. H. 23. But in 1791 a statute was passed with this provision, "that in all cases where any thing by law is enjoined upon or to be done by the selectmen of any town or place, it shall be sufficient if done by the major part of such selectmen." N. H. Laws (Ed. of 1815), 247. The same provision was substantially reënacted in the statute of 1827; N. H. Laws (Ed. of 1830), 453; and this was the statute in force in 1840, when the proceedings were had which are now in controversy. In the Revised Statutes, chapter 34, section 2, it is provided "that a majority of the selectmen shall be competent to act in all cases." The statute thus disposes of this exception. *Andover* v. *Grafton*, 7 N. H. 305.

The third exception we think well taken. There may, to be sure, be some question as to what the words, "as now laid," refer to in the record. If they are understood to mean, as now made, or used, or staked out, then there is no further record evidence bearing upon the subject, and the testimony of Brown was well enough admitted by the authority of *Miller* v. *Silsby*, 8 N. H. 474. This seems to be the view of counsel, and may have been of the court which tried the cause. But if the words, "as now laid," refer to the laying out by the Amoskeag Manufacturing Company, of this street, prior to the attempted laying out by the selectmen, as, from the connection and the testimony of Brown, we think it must, then it would seem necessary to have produced the record, or a copy of it, to which reference is thus distinctly made in the laying out. It should have been produced as a part of the record of laying out, and in that case the testimony of Brown was improperly admitted, at least until such record had been produced. The description of the laying out may undoubtedly be aided by such a reference as is made in this case, and such reference was properly made.

The *Petition of Mont-Vernon*, 37 N. H. 515, is a case anal-ogous. That was a petition for discontinuance, and the commissioners reported, recommending a discontinuance of all of said highway laid out upon the petition of George Kenney and others, in the town of Mont-Vernon. The objection was, that the description of the highway thus recommended to be discontinued was defective for uncertainty. But it was held that "that is certain which may be made certain," and that the description of the highway, given by reference to the record of the laying out thereof. upon the petition of Kenney and others, to be found extended at length in the same court, was suffi-ciently certain and specific to enable the court to know and understand, without the possibility of mistake, what particular road was designed to be discontinued, and its exact locality and characteristics. We cannot see that it makes any difference whether the reference be to a record to be found in the same court, or a record to be found in the registry of deeds in the same county; that office being of as public a character, and equally as accessible to all for the purposes of information or of obtaining copies, as the office of the clerk of the court. If that is certain which may be made certain, we see no difficulty in the one case more than in the other. See, also, *Milford's Petition*, 37 N. H. 57. The grounds assumed by the plaintiff's counsel upon this point are untenable. By pleading the general is-sue, the defendants are not precluded from taking exception to the laying out of the highway; for in an action on the case the general issue, "not guilty of the premises," puts in issue all the averments of the declaration, and whatever will in equity and conscience, according to the existing circumstances, preclude the plaintiff from recovering, may be given in evidence by the defendant under this plea. 1 Chitty's Pl. 491; 1 Saund. Pl. & Ev. 344; 2 Gr. Ev., secs. 6, 9, 231, 232.

Neither are the defendants estopped, by having used and

recognized said highway for so long a time, from denying its legality on account of any irregularity in the proceedings or the record, in any case or between any parties. Since the adoption of the Revised Statutes, no town is liable for an injury resulting from a defect in any highway, unless the same has been laid out agreeably to the provisions of the statute, or has been used by the public for a term of time not less than twenty years, and the occupancy of such road for any less term than twenty years cannot of course operate as an estoppel. Rev. Stat., ch. 53, sec. 7; *Haywood* v. *Charlestown*, 34 N. H. 23; *Northumberland* v. *Railroad*, 35 N. H. 574; *Smith* v. *Northumberland*, 36 N. H. 38.

*Verdict set aside.*